United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>TRENT,<br><br>        Defendant. | Case No. 16-cr-00178-CRB-1<br><br>**ORDER RE: COMPASSIONATE RELEASE** |

The Court is in receipt of the Government's Opposition to compassionate release (dkt. 108) and has considered the arguments therein.

The Government argues that Trent waived his right to seek compassionate release because his plea agreement stated that he "agree[d] not to seek relief under 18 U.S.C. § 3582." Opp'n at 1–2; see also Plea Agreement (dkt. 79) ¶ 5. Such waivers are enforceable only if "(1) the language of the waiver encompasses [the relief sought], and (2) the waiver is knowingly and voluntarily made." United States v. Charles, 581 F.3d 927, 931 (9th Cir. 2009). Courts construing a plea agreement must determine "what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." Id. (internal quotation marks and citations omitted). Ambiguities are to be construed against the drafter, typically the government. Id.

Neither condition for enforceability is met here. The language of the waiver as it would reasonably have been understood by Trent at the time of his guilty plea does not encompass the relief he seeks, because that relief did not exist when he pled guilty. Trent has brought a motion for compassionate release on his own behalf. See generally Mot. (dkt. 106). At the time Trent pled guilty, § 3582(c)(1)(A) did not authorize criminal defendants to move for compassionate release—only the director of the Bureau of Prisons could file such a motion. United States v.

Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019); see also Minute Entry for Change of Plea Hearing (dkt. 64) (change of plea hearing occurred on February 7, 2017). Trent could not reasonably have understood his plea agreement to waive a right that did not yet exist.

In the alternative, and for the same reason, Trent did not knowingly waive his right to move for compassionate release. It is impossible to "knowingly" waive a right that does not yet exist. Nor could Trent have understood at the time that waiving his right to early release would put him in mortal danger from a global pandemic. See Order Granting Compassionate Release (dkt. 106) at 3–4.

The Government also argues that Trent failed to exhaust his administrative remedies. Opp'n at 2–8. But that argument relies entirely on the BOP's representation that it cannot confirm that Trent submitted an earlier request for compassionate release. Id. at 4. Trent represents that he did submit such a request. Swanson Decl. (dkt. 105-1) ¶ 2(a). Confronted with the conflicting evidence, the Court credits Trent's representation, which is based on direct knowledge rather than failure to confirm the existence of a filing from over a month ago.

The Government does not appear to request a stay, except pending the BOP's completion of its administrative review. Opp'n at 8. Because the Court concludes that Trent has exhausted his administrative remedies, this request is inapposite.

For the foregoing reasons, the Court declines to modify or withdraw its original order. Trent is to be released from BOP custody at 5:00 PM PDT, April 9, 2020.

**IT IS SO ORDERED.**

Dated: April 9, 2020

CHARLES R. BREYER
United States District Judge